UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CENTENNIAL BANK, ) | |
| ) | Case No.: 2:14-cv-0363-GMN-GWF |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| RAIN AID, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the case of *Centennial Bank v. Rain Aid, Inc.*, (2:14-cv-0363-GMN-GWF).  On November 24, 2014, Defendant Rain Aid, Inc. gave notice that it had recently filed a petition for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the District of Nevada. (ECF No. 42).  On December 17, 2014, the Court ordered that the parties show cause as to why this case should not be stayed pursuant to 11 U.S.C. § 362. (ECF No. 43).  On December 18, 2014, Plaintiff Centennial Bank filed a status report conceding that this action should be stayed due to Defendant's bankruptcy petition. (ECF No. 44).  On January 6, 2015, Defendant filed a status report agreeing that this action should be stayed pursuant to 11 U.S.C. § 362. (ECF No. 45).

"The filing of a Chapter 7 bankruptcy petition automatically creates an estate." *In re Mwangi*, 764 F.3d 1168, 1173 (9th Cir. 2014) (citing 11 U.S.C. § 541(a)).  "By filing a bankruptcy petition, the debtor immediately obtains the protection of an automatic stay." *Id.* (citing 11 U.S.C. § 362(a)).  "The automatic stay 'is designed to effect an immediate freeze of the *status quo* by precluding and nullifying post-petition actions, judicial or nonjudicial, in nonbankruptcy fora against the debtor or affecting the property of the estate.'" *Id.* (quoting *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581,

585 (9th Cir. 1993)).  Therefore, the Court finds that 11 U.S.C. § 362 requires that this action be stayed pending the resolution of Defendant's bankruptcy petition.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **STAYED** pending the resolution of case 14-17779-MKN in the United States Bankruptcy Court for the District of Nevada.

**IT IS FURTHER ORDERED** that the pending Motion to Dismiss (ECF No. 18), Motion to Strike (ECF No. 21), and Motion for Summary Judgment (ECF No. 33) are **DENIED WITHOUT PREJUDICE**.  The parties will be given leave to re-file these motions, upon request, following the lifting of the bankruptcy stay.

**IT IS FURTHER ORDERED** that, beginning April 1, 2015, and every three months thereafter, the parties shall submit a Joint Status Report regarding the status of the bankruptcy proceedings.

**DATED** this 8th day of January, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court